1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      MAURICE DARONTE DAVIS,                       No.  2: 23-cv-00845 KJN P

12                    Plaintiff,

13            v.                                      ORDER

14      JEFF LYNCH,

15                    Defendant.

16

17           Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18      42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19      § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local

20      Rule 302.

21           Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22      Accordingly, the request to proceed in forma pauperis is granted.

23           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24      §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25      accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26      the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27      forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28      payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

                                                    1

1    account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

2    each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

3    U.S.C. § 1915(b)(2).

4            The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

17   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18   1227.

19           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25   sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts

26   are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . .

27   . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007)

28   (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

1    In reviewing a complaint under this standard, the court must accept as true the allegations of the

2    complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.

3    Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468

4    U.S. 183 (1984).

5         Named as a defendant is California State Prison-Sacramento ("CSP-Sac") Warden Lynch.

6    Plaintiff alleges that defendant Lynch violated the Eighth Amendment by exposing plaintiff to

7    unsafe conditions caused by defendant's failure to repair roof leaks.  Plaintiff alleges that a piece

8    of the roof, damaged by leaks, fell and struck plaintiff.  Plaintiff also alleges that he slipped on

9    slippery floors, suffered exposure to black mold and bird droppings, and that the counselor offices

10   and nursing stations were flooded.  Plaintiff also alleges that cells were flooded as a result of roof

11   leaks.

12        Prisoners have a right under the Eighth Amendment to be free from exposure to unsafe

13   conditions.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Farmer v. Brennan, 511 U.S. 825,

14   832 (1994).  The failure of prison officials to protect inmates from dangerous conditions at the

15   prison violates the Eighth Amendment when two requirements are met:  (1) the deprivation

16   alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately

17   indifferent to inmate health or safety.  Farmer, 511 U.S. at 834.  A prison official is deliberately

18   indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to

19   take reasonable steps to abate it.  Id. at 837.

20        Plaintiff's claim that he suffered exposure to black mold may state a potentially colorable

21   claim for relief.  See Jay v. Fresno County Jail, 2011 WL 841373, at *2 (E.D. Cal. March 4,

22   2011) (noting "exposure to toxic mold may support of claim for unconstitutional conditions of

23   confinement").  While plaintiff alleges that there was black mold growing on the ceiling and

24   walls, plaintiff does not specifically describe the extent of his own exposure to black mold,

25   including the duration of his exposure.  Plaintiff also does not specifically allege where in the

26   prison the black mold grew.  Without this information, the undersigned cannot determine whether

27   plaintiff has stated a potentially colorable claim regarding exposure to black mold.

28   ////

1          In addition, plaintiff pleads no facts demonstrating that defendant Lynch knew of the

2     black mold to which plaintiff was allegedly exposed.  For this reason, plaintiff has not pled

3     sufficient facts in support of the subjective component of this Eighth Amendment claim.

4          Plaintiff similarly fails to describe the extent of his exposure to bird droppings.  While

5     plaintiff alleges that fungus grew out of the bird droppings, plaintiff does not describe where this

6     fungus occurred.  In addition, plaintiff pleads no facts demonstrating that defendant Lynch knew

7     of plaintiff's exposure to fungus in bird droppings.  Accordingly, plaintiff's claim regarding

8     exposure to bird droppings is dismissed with leave to amend.

9          Plaintiff alleges that cells flooded as a result of roof leaks.  Plaintiff does not allege that

10    his own cell flooded.  Without this information, the undersigned cannot determine whether

11    plaintiff has stated a potentially colorable claim for relief based on flooded cells.  If plaintiff files

12    an amended complaint alleging that his own cell flooded as a result of roof leaks, plaintiff shall

13    describe the extent and duration of the flooding.  Plaintiff shall also address whether defendant

14    Lynch had knowledge of the flooding in his cell.

15         Turning to plaintiff's claim that the roof leaks caused slippery floors, under the Eighth

16    Amendment, "slippery prison floors ... do not state even an arguable claim for cruel and unusual

17    punishment."  LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (quotation omitted).

18    Indeed, federal courts have repeatedly rejected Eighth Amendment slip and fall claims.  See

19    Dillingham v. Emerson, 2022 WL 17156110, at *4 (E.D. Cal. Nov. 22, 2022), citing Oubichon v.

20    Carey, 2017 WL 2162940, at *8 (E.D. Cal. May 17, 2017) (citing Coleman v. Sweetin, 745 F.3d

21    756, 764 & n.7 (5th Cir. 2014)); Collier v. Garcia, 2018 WL 659014, at *2 (N.D. Cal. Jan. 31,

22    2018) (dismissing § 1983 claim alleging prisoner slipped and fell in his cell in a puddle of water

23    from a leaking chase); Aaronian v. Fresno Cty. Jail, 2010 WL 5232969, at *2–*3 (E.D. Cal.

24    2010) (dismissing § 1983 claim that plumbing leak caused puddle, resulting in plaintiff's slip and

25    fall, as not cognizable).

26         In order to state a potentially cognizable claim for relief, there must be a confluence of

27    exacerbating conditions such that the slippery floor posed a serious, unavoidable threat to

28    plaintiff's safety.  See Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998) ("[s]lippery floors

4

1    without protective measures could create a sufficient danger to warrant relief" when an inmate

2    alleges facts that exacerbate the danger resulting from such conditions; inmate using crutches had

3    repeatedly fallen and injured himself on slippery shower floors); Osolinski v. Kane, 92 F.3d 934,

4    938 (9th Cir. 1996) (finding prisoner failed to plead any exacerbating conditions which rendered

5    him unable to provide for his own safety).

6         Plaintiff has not pled any conditions that rendered him unable to provide for his own

7    safety in the sense that the conditions prevented him from avoiding the wet floors or rendered him

8    unable to perceive the slippery conditions.  See Dillingham, 2022 WL 17156110 at *5.

9    Accordingly, plaintiff's claim that his exposure to slippery floors violated the Eighth Amendment

10   is dismissed.

11        Plaintiff's claim that a piece of broken roof, caused by the roof leak, fell on him meets the

12   objective component of an Eighth Amendment claim.  At screening, the undersigned presumes

13   that plaintiff was not able to perceive the danger resulting from the leaky roof that led to the piece

14   of the roof falling on him.  However, plaintiff has not plead sufficient facts in support of the

15   subjective component of an Eighth Amendment claim, i.e., that defendant Lynch knew that pieces

16   of the roof damaged by leaks were falling.  For this reason, this claim is dismissed.

17        Plaintiff alleges that the leaky roof caused flooding in the counselor offices and nursing

18   stations.  Plaintiff has not demonstrated how a flood in the counselor offices constituted an unsafe

19   condition of confinement for plaintiff.  Accordingly, this claim is dismissed.

20        Plaintiff also fails to demonstrate how flooding in the nursing stations constituted an

21   unsafe condition of confinement for plaintiff.  Plaintiff does not allege, for example, that he was

22   denied medical care because he was unable to access any nursing station due to flooding.

23   Plaintiff does not allege that he suffered any injury as a result of flooding in the nursing stations.

24   Accordingly, this claim is dismissed.

25        Plaintiff also alleges that CSP-Sac has been an "incubator for diseases" for years.  Plaintiff

26   identifies these diseases as COVID-19 and asbestos related diseases.  Diseases related to asbestos

27   and COVID-19 appear unrelated to plaintiff's claim alleging that defendant Lynch failed to repair

28   roof leaks.  If plaintiff files an amended complaint, he shall clarify whether he is raising claims

1  regarding his exposure to COVID-19 and asbestos related diseases.

2       Plaintiff also alleges that defendant Lynch violated the Universal Declaration of Human

3  Rights by failing to repair the leaky roof.  The Universal Declaration of Human Rights does not

4  create a private right of action in federal courts.  See Sosa v. Alvarez-Machain, 542 U.S. 692,

5  734-35 (2004) (Universal Declaration of Human Rights does not crate obligations enforceable in

6  federal courts).  Accordingly, this claim is dismissed.

7       For the reasons discussed above, plaintiff's complaint is dismissed with leave to amend.

8  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about

9  which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West v.

10  Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each

11  named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

12  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

13  defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

14  F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

15  participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

16  268 (9th Cir. 1982).

17       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

18  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

19  complaint be complete in itself without reference to any prior pleading.  This requirement exists

20  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

21  v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

22  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

23  omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

24  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

25  and the involvement of each defendant must be sufficiently alleged.

26       In accordance with the above, IT IS HEREBY ORDERED that:

27       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

28       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

1    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

2    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

3    Director of the California Department of Corrections and Rehabilitation filed concurrently

4    herewith.

5          3.  Plaintiff's complaint is dismissed.

6          4.  Within thirty days from the date of this order, plaintiff shall complete the attached

7    Notice of Amendment and submit the following documents to the court:

8            a.  The completed Notice of Amendment; and

9            b.  An original of the Amended Complaint.

10    Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

11    Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

12    also bear the docket number assigned to this case and must be labeled "Amended Complaint."

13        Failure to file an amended complaint in accordance with this order may result in the

14    dismissal of this action.

15    Dated:  May 17, 2023

16

17    KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE

22    Davis845.14

7

1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MAURICE DARONTE DAVIS,                    No.  2: 23-cv-00845 KJN P

              Plaintiff,
12

          v.                                    NOTICE OF AMENDMENT
13

      JEFF LYNCH,
14

              Defendant.
15

16        Plaintiff hereby submits the following document in compliance with the court's order

17    filed_____.

18        _____          Amended Complaint
      DATED:
19

20                                 _____
                                   Plaintiff
21

22

23

24

25

26

27

28